IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **RHONDA LEDBETTER,** | |
| **Plaintiff,** | |
| **vs.** | Civil Action No. 1:17-cv-4157-SCJ-LTW |
| **IDN-ARMSTRONG'S, INC.; IDN GLOBAL, INC.; and IDN, INC.,** | |
| **Defendants.** | |

---

### SECOND AMENDED AND SUBSTITUTED COMPLAINT

---

Plaintiff Rhonda Ledbetter herein asserts claims against Defendants IDN-Armstrong's, Inc.; IDN Global, Inc.; and IDN, Inc., under the Family Medical Leave Act (29 U.S.C. § 2601 *et seq.*) ("FMLA"), the Americans with Disabilities Act (42 U.S.C. § 12101 *et seq.*), and the Age Discrimination in Employment Act (29 U.S.C. § 621 *et seq.*) ("ADEA"), showing the Court as follows:

### INTRODUCTION

### 1.

Plaintiff Ledbetter seeks to recover damages resulting from her termination during the 11th week of a medical leave period. Defendants terminated Ms. Ledbetter's employment in an attempt to interfere with her exercise of her rights under the

FMLA and ADA, in retaliation for seeking to exercise her rights under the FMLA and ADA, and on the basis of her age.

2.

Plaintiff filed a Charge of Discrimination alleging the above violations with the Equal Employment Opportunity Commission on October 26, 2017. The EEOC issued a "Right to Sue Letter" on February 7, 2018. She filed the present Second Amended Complaint raising claims under the ADA and ADEA within 90 days of receipt of that Right to Sue Letter. Ms. Ledbetter has exhausted her administrative remedies as required by the ADA and ADEA. She has obtained the written consent of Defendants to file this Second Amended and Substituted Complaint.

PARTIES, JURISDICTION, AND VENUE

3.

This Court's jurisdiction over Plaintiff's claims under the Family Medical Leave Act, Americans with Disabilities Act, and Age Discrimination in Employment Act is invoked under 28 U.S.C. § 1331.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

5.

Ms. Ledbetter is a natural person and resident of the State of Georgia.

6.

Ms. Ledbetter worked for Defendant Armstrong's from approximately September 18, 1998 to May 8, 2017.

7.

Defendant IDN-Armstrong's, Inc. (hereinafter "Armstrong's") is a domestic corporation existing under the laws of the State of Georgia. Armstrong's has previously been served with process in this action.

8.

Armstrong's is subject to the personal jurisdiction of this Court.

9.

Defendant IDN Global, Inc. (hereinafter "Global") is a foreign corporation existing under the laws of the State of Delaware and is registered to do business in the State of Georgia. Global has previously been served with process in this action.

10.

Global is subject to the personal jurisdiction of this Court.

11.

Defendant IDN, Inc. (hereinafter "IDN") is a foreign corporation existing under the laws of the State of Texas with its principal offices located at 669 Airport Fwy., Ste. 308, Hurst, TX, 76053. IDN has previously been served with process in this action.

12.

IDN is subject to the personal jurisdiction of this Court.

### FACTUAL ALLEGATIONS

**Joint Employer Allegations**

13.

Armstrong's is a distributor of security hardware, access control systems, video surveillance equipment, doors and frames, locksmithing tools, and related security products.

14.

Armstrong's does business in multiple states in the southeastern U.S., and is headquartered in Chamblee, DeKalb County, Georgia.

15.

Armstrong's is a subsidiary of Defendant IDN.

16.

On May 11, 2016, Armstrong's filed a Certificate of notice of Intent to Dissolve with the Georgia Secretary of State.

17.

In January 2017, Armstrong's, IDN, and IDN-Hardware Sales, Inc. unified their payroll under a single federal tax ID number assigned to another IDN subsidiary, IDN-H. Hoffman, Inc.

18.

Starting in January 2017, Armstrong's, IDN, IDN-Hardware Sales, Inc., and IDN-H. Hoffman, Inc. also unified their benefits, sick leave, personal leave, and short-term disability leave policies.

19.

IDN-H. Hoffman, Inc., changed its corporate name to IDN Global, Inc., in October 2017.

20.

Beginning in January 2017 and continuing until the end of her employment, Ms. Ledbetter performed work for the benefit of both Armstrong's and its parent company, IDN, and was paid by Global.

21.

At all times relevant to the claims in this case, Defendants have operated as an integrated enterprise with centrally-established employment policies and practices, including setting of employees' compensation and other terms and conditions of employment.

22.

At all relevant times, the operations of Armstrong's and IDN were highly interrelated.

23.

At all relevant times, Armstrong's and IDN have had centralized control of labor relations.

24.

At all relevant times, Armstrong's and IDN have had a significant degree of common ownership and financial control.

25.

At all relevant times, Armstrong's and IDN have shared employees, including Ms. Ledbetter.

26.

At all relevant times, Armstrong's has acted directly or indirectly in the interest of IDN in relation to Armstrong's employees, including Ms. Ledbetter.

27.

At all relevant times, Armstrong's and IDN have not been completely disassociated with respect to Ms. Ledbetter's employment and have shared control of Ms. Ledbetter's terms and conditions of employment by reason of the fact that IDN controls Armstrong's terms and conditions of employment.

28.

At all relevant times, Global and Armstrong's had highly interrelated operations.

29.

At all relevant times, Global and Armstrong's had centralized control of labor relations.

30.

At all relevant times, Global and Armstrong's had a significant degree of common ownership and financial control.

31.

At all relevant times, Global and Armstrong's shared employees, including Ms. Ledbetter.

32.

At all relevant times, Armstrong's acted directly or indirectly in the interest of Global in relation to Armstrong's employees, including Ms. Ledbetter.

33.

At all relevant times, Global and Armstrong's were been completely disassociated with respect to decisions affecting Ms. Ledbetter's employment.

34.

Global is jointly liable with Armstrong's and IDN for their FMLA violations.

**ADA Coverage**

35.

At all times relevant to this action, Ms. Ledbetter worked at Armstrong's Chamblee, Georgia location in a customer service position.

36.

Ms. Ledbetter's primary duties were assisting customers of the Armstrong's Atlanta branch as well as branches in other southeastern states; resolving billing and product problems; facilitating returns of defective products; and acting as a liaison between various Armstrong's departments.

37.

At all relevant times, Ms. Ledbetter was a person with a disability within the meaning of the ADA, as amended, 42 U.S.C. §12102(1)(A), (B).

38.

At all relevant times, Ms. Ledbetter suffered from a mental or physical impairment that substantially limited one or more major life activities.

39.

At all relevant times, Ms. Ledbetter was regarded by Defendants as suffering from a mental or physical impairment that substantially limited one or more major life activities.

40.

At all relevant times, Ms. Ledbetter was qualified to perform the essential functions of her position with reasonable accommodation, to wit, a period of medical leave to permit her to recover from a surgery and to attend an inpatient alcoholism treatment program.

**FMLA Coverage**

41.

Defendants employed Ms. Ledbetter during the twelve consecutive months immediately prior to May 8, 2017, the date of her termination.

42.

Ms. Ledbetter performed more than 1250 hours of work for Defendants during the twelve consecutive months immediately prior to Monday, February 20, 2017, the date she first went on medical leave.

43.

Defendants employed 50 or more employees within 75 miles of the worksite at which it employed Ms. Ledbetter during at least 20 workweeks in 2016.

44.

At all relevant times, Plaintiff suffered from a serious health condition within the meaning of 29 U.S.C. § 2611(11).

**ADEA Coverage**

45.

At all relevant times, Defendants were engaged in an industry affecting commerce.

46.

Defendants each employed 20 or more employees during at least 20 workweeks in 2016.

47.

Ms. Ledbetter was born in 1954 and at the time of the incidents complained of in this action was 62 years old.

**Plaintiff's Injury, Medical Leave, and Termination**

48.

On Saturday, February 18, 2017, Ms. Ledbetter suffered a severe injury to her arm in a fall at home.

49.

Ms. Ledbetter's arm injury required surgery, hospitalization for approximately one week, and extensive physical rehabilitation therapy.

50.

Ms. Ledbetter's arm injury constituted a "serious health condition" within the meaning of 29 U.S.C. § 2611 (11).

51.

Ms. Ledbetter—through her adult daughters—immediately advised Armstrong's management of her injury and that she could not return to work for an indeterminate period.

52.

Ms. Ledbetter's period of medical leave from her employment commenced on Monday, February 20, 2017.

53.

During the course of her medical treatment in February and March 2017, Ms. Ledbetter suffered severe and debilitating side effects from pain-killers prescribed for her arm injury.

54.

After returning home from the hospital—but while still on medical leave and unable to work due to her severe arm injury—Ms. Ledbetter's pre-existing alcohol addiction was exacerbated by a combination of her inability to take her prescribed opioid painkillers and attempt to reduce her pain through increased alcohol consumption.

55.

Ms. Ledbetter's alcohol addiction has been a significant factor in her broken arm as well as a broken leg and multiple minor injuries suffered in falls.

56.

Ms. Ledbetter's alcohol addiction constituted a "serious health condition" within the meaning of 29 U.S.C. § 2611 (11).

57.

Ms. Ledbetter's alcohol addiction constituted a "disability" within the meaning of 42 U.S.C. § 12102(1)(A).

58.

In early April 2017, while still recovering from her arm injury and surgery, Ms.

Ledbetter was treated in an emergency room after suffering from severe alcohol

withdrawal symptoms.

59.

On the advice of her physicians Ms. Ledbetter agreed to enter an inpatient

treatment program for her alcohol addiction.

60.

On April 9, 2017, Ms. Ledbetter was admitted on an inpatient basis to Willingway

Hospital in Statesboro, Georgia.

61.

As a condition of her treatment at Willingway, Ms. Ledbetter was required to

surrender her cell phone and generally was prohibited from making phone calls

during her treatment, with the exception of approved calls made under the

supervision of her assigned counselor.

62.

From February 18 through April 10, 2017, Ms. Ledbetter's adult daughters

remained in regular communication with Armstrong's Human Resources Director

and with Ms. Ledbetter's immediate supervisor to inform them of the status of her condition.

63.

From February 18 through April 10, 2017, Ms. Ledbetter's adult daughters contacted Armstrong's Human Resources Director and Ms. Ledbetter's immediate supervisor on numerous occasions requesting any paperwork necessary to ensure that Ms. Ledbetter could return to her job following her medical treatment.

64.

On or about April 10, 2017, Ms. Ledbetter's adult daughter contacted Armstrong's Human Resources Director to inform him that Ms. Ledbetter was receiving inpatient treatment for addiction and to request information about extending her medical leave period.

65.

On or about April 10, 2017, Ms. Ledbetter's adult daughter spoke with Ms. Ledbetter's immediate supervisor and informed him that she was receiving inpatient treatment for addiction.

66.

During that phone call, Ms. Ledbetter's immediate supervisor suggested that Ms. Ledbetter should go on "long-term disability" and that she was "not getting any younger."

67.

On or about April 17, 2017, Ms. Ledbetter and her Willingway counselor jointly contacted Armstrong's Human Resources Director by phone.

68.

During that call, Ms. Ledbetter informed Armstrong's Human Resources Director that she would be released from treatment by Friday, May 12, 2017, and that she would be able to return to work on Monday, May 15, 2017.

69.

During that call, Ms. Ledbetter also requested that Armstrong's Human Resources Director provide her with "FMLA paperwork" and provided him with Willingway's address, which he confirmed.

70.

Defendants never sent the requested FMLA paperwork to Ms. Ledbetter at Willingway.

71.

On May 8, 2017, Armstrong's Human Resources Director wrote to Ms. Ledbetter to inform her that they were terminating her employment.

72.

Ms. Ledbetter received the termination letter and her home address on May 12, 2017, following her discharge from Willingway.

73.

The reason for Ms. Ledbetter's termination proffered by Armstrong's Human Resources Director was that he "ha[d] not heard from" her in several weeks."

74.

The proffered reason for Ms. Ledbetter's termination was pretextual.

75.

At all times since at least May 15, 2017, Ms. Ledbetter has been ready, willing and able to perform the essential functions of her position.

76.

Prior to the termination of her employment, Defendants had never counseled, warned, suspended, or otherwise disciplined Ms. Ledbetter for violations of its disciplinary policies or performance requirements.

77.

Defendants terminated Ms. Ledbetter's employment because of her disability.

78.

Defendants terminated Ms. Ledbetter's employment because she exercised her right to take a medical leave to receive treatment for a serious medical condition.

79.

Defendants terminated Ms. Ledbetter's employment because of her age (i.e., 62 years old).

80.

Defendants failed to engage Ms. Ledbetter in a constructive dialog in an attempt to identify a reasonable accommodation for her disability.

81.

A reasonable accommodation for Ms. Ledbetter's disability existed, to wit, a period of medical leave through May 12, 2017.

82.

Defendants failed to provide a reasonable accommodation to Ms. Ledbetter's disability.

83.

Defendants terminated Ms. Ledbetter's employment in violation of the ADA.

84.

Defendants terminated Ms. Ledbetter's employment in violation of the FMLA.

85.

Defendants terminated Ms. Ledbetter's employment in violation of the ADEA.

86.

Defendants interfered with Ms. Ledbetter's exercise of rights under the FMLA.

87.

As a result of Defendants' unlawful termination of her employment, Ms. Ledbetter has suffered loss of income and other employment benefits.

88.

As a result of Defendants' unlawful termination of her employment, Ms. Ledbetter has suffered severe emotional distress.

### CLAIMS FOR RELIEF

**Count One**
**Violation of 29 U.S.C. § 2615(a)(1) (FMLA Interference)**

89.

Plaintiff was an eligible employee under the FMLA.

90.

At all relevant times, each Defendant was Plaintiff's "employer" within the meaning of the FMLA.

91.

Under the FMLA, Plaintiff was entitled to 12 weeks of leave to receive treatment for a serious health condition.

92.

Plaintiff requested leave from Defendants and gave notice to Defendants of her need to take leave to receive treatment for serious health conditions.

93.

Plaintiff notified Defendants of her intent to return to work before the expiration of the 12 weeks of FMLA leave.

94.

Plaintiff was medically able and willing to return to work before the expiration of 12 weeks of FMLA leave.

95.

Defendants deprived Plaintiff of benefits to which she was legally-entitled under the FMLA by terminating her employment in the 11th week of her qualifying leave.

96.

In terminating Plaintiff, Defendants interfered with, restrained, and denied her rights afforded by the FMLA.

97.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff

suffered loss of employment, loss of income, and loss of healthcare benefits.

98.

Plaintiff is entitled to recover the wages and employment benefits she has lost as a

result of Defendants' unlawful conduct, and interest thereon, calculated at the

prevailing rate.

99.

Plaintiff is entitled to recover liquidated damages 29 U.S.C. § 2617(a)(1) because

Defendants' FMLA violation was not done in "good faith."

100.

Plaintiff is entitled to recover her costs of litigation, including her reasonable

attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3).

**Count Two**
**Violation of 29 U.S.C. § 2615(a)(2) (FMLA Retaliation)**

101.

Plaintiff engaged in activity protected by the FMLA by taking leave to receive

treatment for serious health conditions.

102.

Plaintiff suffered an adverse employment action when Defendants terminated her employment on May 8, 2017.

103.

Defendants terminated Plaintiff's employment in retaliation for her use of leave protected by the FMLA.

104.

As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered loss of employment, loss of income, and loss of vacation, retirement and healthcare benefits.

105.

Plaintiff is entitled to recover from Defendants the wages, salary, and employment benefits she has lost as a result of their unlawful conduct, and interest thereon, calculated at the prevailing rate.

106.

Plaintiff is entitled to recover liquidated damages pursuant to 29 U.S.C. § 2617(a)(1) because Defendants' FMLA violation was not done in "good faith."

107.

Plaintiff is entitled to recover her costs of litigation, including her reasonable

attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3).

**Count Three**
**Violation of 42 U.S.C. § 12112(b)(5)(B) (ADA Disparate Treatment)**

108.

At all relevant times, Plaintiff was an employee within the meaning of 42 U.S.C.

§ 12111(4).

109.

Plaintiff engaged in actions protected under the Americans with Disabilities Act by

requesting reasonable accommodation of her disability and by taking a medical

leave period to receive in patient treatment.

110.

At all relevant times, Defendants were "employers" as that term is used in 42

U.S.C. § 12111(5).

111.

At all times relevant, Plaintiff was a qualified individual with a disability as

defined in 42 U.S.C. § 12111(8).

112.

At all times relevant, Plaintiff was a qualified individual perceived as having a disability as defined in 42 U.S.C. § 12111(8).

113.

Defendants discriminated against Plaintiff in violation of the 42 U.S.C. § 12112(b)(5)(B), by terminating Plaintiff's employment because of her disability and exercise of her rights under the ADA.

114.

Defendants willfully or with reckless indifference violated the ADA by refusing to make a reasonable accommodation for Plaintiff's known or perceived disabilities.

115.

As a result of Defendants' discriminatory actions, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out-of-pocket expenses, loss of enjoyment, and emotional distress, the exact amount of which will be determined at trial.

116.

As a result of Defendants' discriminatory actions, Plaintiff is entitled to declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front

pay, reinstatement, interest, compensatory damages, costs, attorney's fees, and any

and all such other relief that may be appropriate.

## Count Four
## Violation of 42 U.S.C. § 12112(b)(5)(A) (ADA Failure to Accommodate)

### 117.

At all relevant times, Plaintiff was an employee within the meaning of 42 U.S.C.

§ 12111(4).

### 118.

At all relevant times, Defendants were "employers" as that term is used in 42

U.S.C. § 12111(5).

### 119.

At all times relevant, Plaintiff was a qualified individual with a disability as

defined in 42 U.S.C. § 12111(8).

### 120.

At all times relevant, Plaintiff was a qualified individual perceived as having a

disability as defined in 42 U.S.C. § 12111(8).

### 121.

Defendants discriminated against Plaintiff in violation of the 42 U.S.C.

§ 12112(b)(5)(A), by failing to make a reasonable accommodation to her disability

and by terminating Plaintiff's employment because of her known or perceived disabilities.

122.

Defendants willfully or with reckless indifference violated the ADA by refusing to make a reasonable accommodation for Plaintiff's known or perceived disabilities.

123.

As a result of Defendants' discriminatory actions, Plaintiff has suffered pecuniary and non-pecuniary damages, including lost wages and benefits, out-of-pocket expenses, loss of enjoyment, and emotional distress, the exact amount of which will be determined at trial.

124.

As a result of Defendants' discriminatory actions, Plaintiff is entitled to declaratory and injunctive relief, award of lost employment benefits and wages, back pay, front pay, reinstatement, interest, compensatory damages, costs, attorney's fees, and any and all such other relief that may be appropriate.

**Count Five**
**Violation of 29 U.S.C. § 623(a)(1) (Age Discrimination)**

125.

At all relevant times, Defendants were Plaintiff's "employers" within the meaning of 29 U.S.C. § 623.

126.

Defendants discriminated against Plaintiff on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA") by terminating her employment because of her age (62 years old).

127.

Defendants' discriminatory acts on the basis of age were willful within the meaning of 29 U.S.C. § 626(b).

128.

As a result of Defendants' discriminatory actions, Plaintiff has suffered lost wages and benefits and is entitled to recover the same.

129.

As a result of Defendants' willfully discriminatory actions, Plaintiff is entitled to recover liquidated damages pursuant to 29 U.S.C. § 626(b).

130.

As a result of Defendants' discriminatory actions, Plaintiff is entitled to recover her costs of litigation, including reasonable attorney's fees.

**CONCLUSION**

WHEREFORE, Plaintiff requests that this Court:

(a)     Take jurisdiction of this matter;

(b)     Grant a trial by jury as to all matters properly triable to a jury;

(c)     Issue an Order holding each of the Defendants to be an "employer" as that term is defined under the FMLA, ADA, and ADEA;

(d)     Issue an Order holding that Plaintiff was an eligible employee entitled to the protections provided by FMLA, ADA, and ADEA;

(e)     Issue an Order holding that Defendants unlawfully interfered with Plaintiff's exercise of her rights under the FMLA;

(f)     Issue an Order holding that Defendants unlawfully retaliated against Plaintiff because of her exercise of her rights under the FMLA;

(g)     Award Plaintiff all compensation and employment benefits that she lost as a result of Defendants' unlawful conduct, plus interest thereon, calculated at the prevailing rate, plus liquidated damages thereon, as required by the FMLA;

(h)     Issue an Order holding that Defendants unlawfully interfered with Plaintiff's exercise of her rights under the ADA;

(i)     Issue an Order holding that Defendants unlawfully discriminated against Plaintiff because of her disability;

(j)     Award Plaintiff all compensation and employment benefits that she lost as a result of Defendants' unlawful conduct, plus interest thereon,

calculated at the prevailing rate, compensatory damages, and punitive damages, as required by the ADA;

(k)    Issue an Order holding that Defendants unlawfully discriminated against Plaintiff because of her age;

(l)    Award Plaintiff all compensation and employment benefits that she lost as a result of Defendants' unlawful conduct, plus liquidated damages, as required by the ADEA;

(m)    Issue an Order requiring that Defendants reinstate Plaintiff to her former position or another comparable position;

(n)    Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(o)    Award Plaintiff nominal damages;

(p)    Award Plaintiff her reasonable attorney's fees and costs of litigation; and

(q)    Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this 8th day of March 2018.

> **DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**
>
> */s/ Matthew W. Herrington*
> Michael A. Caldwell
> Georgia Bar No. 102775

3100 Centennial Tower
101 Marietta Street, NW

Atlanta, Georgia 30303                    Matthew W. Herrington
(404) 979-3150 Telephone                  Georgia Bar No. 275411
(404) 979-3170 Facsimile
michaelcaldwell@dcbflegal.com             Attorneys for Plaintiff
matthew.herrington@dcbflegal.com

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RHONDA LEDBETTER,

   Plaintiff,

  vs.

IDN-ARMSTRONG'S, INC.; IDN
GLOBAL, INC.; and IDN, INC.,

   Defendants.

Civil Action No. 1:17-cv-4157-SCJ-LTW

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on this day I caused the foregoing document to be filed with the Clerk via the Court's CM/ECF system, thereby ensuring electronic service upon all counsel of record.

Dated: March 8, 18

    */s/ Matthew W. Herrington*
    Matthew W. Herrington
    Georgia Bar No. 275411